## (May 29, 1981)

■ In the Matter of Louis N. Picciano, an Attorney, Respondent. Committee on Professional Standards, Third Judicial Department, Petitioner. — Respondent was admitted to the Bar by this court on January 20, 1955. Petitioner moves to confirm the report of the hearing Judge which sustained four charges of professional misconduct. The motion is opposed by respondent. Charge No. 1 alleges that respondent improperly affixed his signature as notary public to a written instrument. In sustaining the charge, the hearing Judge found, *inter alia,* that respondent signed a discharge of mortgage certifying that the lender personally appeared before him and acknowledged that she had executed the instrument when she had not. The evidence supports the findings of the hearing Judge and they should be confirmed. In mitigation, the hearing Judge stated that respondent did not obtain any personal gain from the transaction nor did he intend that the lender be defrauded. Moreover, it appears that the lender had agreed to discharge the mortgage which she held, with the understanding that she would have a security interest in other real property that her debtors were about to purchase. Thereafter, according to respondent, the signed discharge was brought to him by one of the debtors. Respondent called the lender to verify that she had signed the discharge and he then took her acknowledgement over the telephone. While a new mortgage was never prepared, the debtors assumed for several years that the new property was subject to the lien since 80% of the payments made on the loan occurred after the discharge of mortgage was recorded. We also note that respondent testified that it is his intention to personally pay any money owed on the debt to the lender's family if the debtors do not. Charge No. 2 alleges that respondent disbursed funds contrary to the terms of a written agreement. The hearing Judge found that, incidental to a large-scale business venture, arrangements were made to have one Smith loan respondent's client, Petrick, money to purchase certain real property. On December 18, 1975 Smith gave Petrick a check for $27,000, which he indorsed to the order of respondent as trustee. Respondent then prepared a memorandum addressed to Smith, dated December 18, 1975, which acknowledged receipt of the check and provided that in the event that respondent could not perfect title free from liens and encumbrances by December 19, 1975, the check would be returned to Smith immediately. Respondent then prepared a deed and a bond and mortgage and, on December 19, delivered the executed deed, bond and mortgage to Smith's attorneys. The hearing Judge found that any interpretation of the December 18 memorandum requiring that all satisfactions, discharges and payments were to be accomplished by December 19 was waived by the parties and that respondent was left with the duty to pay off the outstanding liens on the property within a reasonable time and to deliver satisfactions and releases to Smith's attorneys together with filing fees. In concluding that respondent had disbursed funds contrary to the memorandum of December 18, the hearing Judge found

that, although Petrick would be entitled to any funds left after discharge of all liens, respondent's issuance to Petrick of three checks totaling $5,650 by February 19, 1976 was contrary to the intent of the agreement. As we read the record, however, prior to issuing the checks, respondent had in fact paid all liens and encumbrances against the property and had furnished appropriate releases to Smith's attorneys, except for a judgment in favor of the Grand Union Company for $193 which neither respondent nor Smith's attorneys had found when they searched the county clerk's records. Therefore, while we are unable to sustain Charge No. 2, we nevertheless concur in the hearing Judge's criticism of the manner in which respondent handled this entire transaction. Charge No. 3 alleges that respondent failed to co-operate with opposing counsel and engaged in conduct prejudicial to the administration of justice. In sustaining this charge, the hearing Judge found that respondent violated DR 1-102 (A) (5) and (6) of the Code of Professional Responsibility in that, after he had obtained extensions of time from opposing counsel in which to file an answer to the complaint in an action by Smith against the Petricks and himself and, later, obtained an extension in which to comply with an information subpoena, he failed to do either. In confirming this finding, we nevertheless disagree with the conclusion that respondent's failure to complete and return the information subpoena constitutes conduct prejudicial to the administration of justice. Respondent's inaction as a judgment debtor had no significant adverse effect on the administration of justice, especially since opposing counsel had available and pursued the remedy of moving to hold respondent in contempt. Charge No. 4 alleges that respondent failed to co-operate with petitioner in its investigation of two inquiries filed against him. In sustaining the charge, the hearing Judge found that respondent failed to furnish a written reply to one inquiry on four occasions between May and October, 1977, and to the second inquiry on three occasions between June and October, 1977, and, despite the fact he had obtained several extensions of time and had given assurances that his responses would be forthcoming, that he did not respond until directed to do so by this court's order. In addition, the hearing Judge found that respondent failed to produce at such examination relevant financial records, as ordered, and thereafter, despite additional requests, did not produce them until five months later. He also rejected respondent's testimony that respondent had replied to both inquiries on or about November 28, 1977. The evidence supports the hearing Judge's findings and they should be confirmed. In determining the sanction to be imposed for respondent's misconduct, we agree with the hearing Judge that respondent did not act dishonestly or fraudulently, but rather merely evinced a casual attitude toward standard practices regarding acknowledgments, real property transactions, litigation procedures, and even petitioner's investigation. However, notwithstanding respondent's lack of deceitful motive, we take this occasion to reiterate that an attorney is required to co-operate promptly and fully with the committee charged with the responsibility of investigating complaints of professional misconduct. Under all the circumstances, while we do not condone respondent's actions in this proceeding and will deal severely with any subsequent violation, we have concluded that the ends of justice will be adequately served by a censure. Respondent censured. Mahoney, P. J., Sweeney, Kane, Mikoll and Yesawich, Jr., JJ., concur.