(December 14, 1984)

■ In the Matter of Louis N. Picciano, an Attorney, Respondent. Committee on Professional Standards, Third Judicial Department, Petitioner. — Respondent was admitted to the Bar by this court on January 20, 1955. Following the conclusion of a prior disciplinary proceeding, respondent, who maintained an officer for the practice of law in Endicott, Broome County, was suspended from practice for a period of two years, effective October 15, 1984 (*Matter of Picciano,* 104 AD2d 712). Today the court has before it two proceedings charging respondent with additional professional misconduct. In the first proceeding, petitioner moves to confirm the report of the referee to whom the issues were referred. Respondent, who failed to appear at the hearing before the referee or to otherwise defend himself, has not filed a response to the motion. In the second proceeding, petitioner moves for default judgment by reason of respondent's failure to file an answer to the petition which was personally served upon him. Respondent has also failed to appear on the motion for a default judgment.

In the first proceeding, the referee sustained five charges of professional misconduct, finding that respondent neglected a legal matter entrusted to him, misled and deceived his client as to the status of her case, failed to deposit a client's funds in an escrow account and thereafter converted all or a portion of such funds, failed to promptly deliver to his client funds which the client was entitled to receive, and failed to cooperate with petitioner in its investigation of three inquiries concerning his professional misconduct. The evidence in the record supports the finding of the referee. Accordingly, petitioner's motion to confirm the referee's report in the first proceeding is granted.

In the second proceeding, the petition charges that respondent furnished false documents to the court in an action for divorce, neglected three legal matters entrusted to him, misled and deceived his client as to the status of her case, misled and deceived petitioner in its investigation of an inquiry filed against him, failed to file a biennial registration statement as required by section 468-a of the Judiciary Law and failed to cooperate with petitioner in its investigation of five inquiries concerning his professional misconduct. In support of the motion for default judgment, petitioner has submitted an affidavit of one of its attorneys which refers to and incorporates, *inter alia,* excerpts of testimony at the prior disciplinary hearing, excerpts of respondent's examination under oath, and copies of various pleadings, motion papers, affidavits and letters, all of which support and corroborate the charges contained in the petition. In addition, respondent's failure to answer or appear is tantamount to an admission of the charges. Accordingly, petitioner's motion for default judgment in the second proceeding is granted.

In determining an appropriate sanction for respondent's present misconduct, we note that, in addition to his recent suspension, he was censured in 1981 by this court (*Matter of Picciano,* 81 AD2d 1000). More importantly, respondent's failure to appear and defend the charges before the referee in the first proceeding or to answer the petition in the second proceeding or to appear here in response to the petitioner's motions can only be construed as complete indifference to the consequences. Under the circumstances and in the absence of any mitigating factors, we have determined that respondent should be disbarred.

Respondent disbarred. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.